<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
JORGE LUIS MALDONADO            :
MONTOYA,                                         :          Civil Action No. 16-4674 (JMV)
                Petitioner,          :
                                  :
           v.                                    :          **OPINION**
                                  :
CHARLES GREEN,                         :
                Respondent.       :
_____:

APPEARANCES:

Jorge Luis Maldonado Montoya
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105
      on behalf of Petitioner

Katherine E.M. Goettel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington DC 20044
      on behalf of Respondent

**VAZQUEZ**, United States District Judge

       On August 1, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On September 22, 2016, Respondent filed a response to the petition, opposing habeas relief on the basis that mandatory detention under 8 U.S.C. § 1226(c) for eight months is reasonable under the circumstances present

1

here. (ECF No. 7 at 1-2.)

## I. BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since January 8, 2016. (ECF No. 1, ¶3.) Petitioner is a native and citizen of Peru. (*Id.* at ¶8.) He entered the United States as an immigrant in 1992. (*Id.*) On May 5, 2005, Petitioner pled guilty to distribution of cocaine within 1000 feet of a school, in violation of N.J.S.A. 2C:35-7. (ECF No. 7, Ex. C.) He was sentenced to time served and five-years of probation, with a condition of successfully completing drug court. (*Id.*, Ex. D.)

On January 8, 2016, ICE issued Petitioner a Notice to Appear, charging him with removability due to his conviction of an aggravated felony and an illicit drug trafficking crime. (*Id.*, Ex. A.) Petitioner was taken into custody as a criminal alien, pursuant to 8 U.S.C. § 1226(c). (*Id.*, Ex. E.) Petitioner's first hearing in immigration court, set for February 10, 2016, was continued four times upon Petitioner's requests for more time to prepare and file his application for relief. (*Id.*, Ex F, Declaration of Yolanda English, ¶¶3-7.) The merits hearing on Petitioner's request for relief was set for October 27, 2016. (*Id.*, ¶8.)

## II. DISCUSSION

A.  Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities. Section 1226(c)'s mandate includes aliens who are inadmissible or deportable because they have committed drug-related offenses or two or more crimes of moral turpitude. 8 U.S.C. § 1226(c)(1)(A)-(D); 8 U.S.C. §§ 1182(a)(2) and 3(B), 1227(a)(2)(A)-(D), (a)(4)(B).

2

Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). Section 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.* Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234. Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit has not imposed a bright-line rule for when detention becomes unreasonably prolonged; the inquiry is fact-intensive. *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474 (3d Cir. 2015). In *Chavez-Alvarez*, the court noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for a year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

B.      Arguments

Petitioner contends that his removal to Peru or another country is not likely to occur in the reasonably foreseeable future, while he litigates his removal. (ECF No. 1, ¶39.) Respondent counters that Petitioner is not entitled to relief under *Diop* or *Chavez-Alvarez* because 50% of the delay in immigration proceedings, 139 days, was the result of Petitioner's requests for continuances. (ECF No. 7 at 11; Ex. F, ¶¶3-7.) Furthermore, Respondent argues Petitioner is not entitled to relief because he presents a weak claim. (ECF No. 7 at 12.) The crime Petitioner was convicted of is an aggravated felony, leaving him little basis to challenge removability. (*Id.*, citing *Marte v. Attorney Gen. of U.S.*, 339 F. App'x 265, 267 (3d Cir. 2009).

Respondent contends Petitioner can only request that he not be removed to a particular country, because withholding of removal is not available to aliens convicted of particularly serious crimes, and there is a presumption that aggravated felonies are such crimes. (*Id.* at 13, citing *Matter of L-S*, 22 I.&N. Dec. 645 (BIA 1999)).[1] Relief from removal is also available under the Convention Against Torture ("CAT"), but the standard for relief requires evidence that the alien is more likely than not to be tortured upon return to the country of removal. (*Id.*, citing 8 C.F.R. § 208.16(c)). Respondent contends this is not the kind of complicated legal claim for relief from removal that could be expected to result in protracted litigation, as was at issue in *Chavez-Alvarez*. (*Id.*)

If, however, the petition is granted, Respondent argues § 1226(a)'s procedures and standards should govern Petitioner's bond determination. (ECF No. 7 at 14.) Section 1226(a) provides for an initial custody determination by a deportation officer, allows a petitioner to seek review of that custody determination by an immigration judge, and gives a petitioner the opportunity to file a timely appeal of that decision to the Board of Immigration Appeals. (*Id.*)

C.   Analysis

"District courts retain jurisdiction to hear habeas petitions filed by aliens subject to removal for having committed certain criminal offenses, as well as those filed by non-criminal aliens, where they allege constitutional violations." *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 453 (D.N.J. Jan. 9, 2004) (quoting *Catney v. INS*, 178 F.3d 190 195 (3d Cir. 1999)). The constitutionality of pre-removal order mandatory detention "is a function of the length of the detention." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232.))

---

[1] "[A] conviction for an aggravated felony is a 'particularly serious crime' if a sentence of 5 years or more has been imposed." *Matter of L-S*, 22 I.&N. Dec. at 649 (quoting IRIRA § 305(a), 110 Stat. at 3009-602).

4

Reasonableness of the length of detention is highly fact-specific. *Id.* The inquiry involves more than which party caused the delay. *Id. at 475.* "The most important consideration . . . is whether an alien challenges aspects of the Government's case that present real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence of a new legal issue." *Id. at 476.* Furthermore, the good faith determination is more complex than weighing the petitioner's likelihood of success. *Id.*

On the record before this Court, Respondent has not shown that Petitioner acted in bad faith in pursuing relief from removal.[2] The high standard for relief available under CAT, standing alone, says nothing about the intent of Petitioner in raising his claim. The high burden may have contributed to Petitioner's need for more time to prepare. In *Chavez-Alvarez*, where the petitioner did not act in bad faith, the Third Circuit determined that the petitioner was entitled to a bond hearing. 783 F.3d at 476. If a petitioner presents a legitimate challenge to removal, a court should not punish the petitioner by rendering "the corresponding increase in time of detention [as] reasonable." *Id.* (quoting *Leslie*, 678 F.3d at 271.)

### III. CONCLUSION

Petitioner has now been detained for ten months. His prolonged detention is no longer justified by a presumption that, as a criminal alien, he should be held as a danger to the community or a flight risk without an individualized bond hearing. Therefore, the Court will order a bond

---

[2] In *Chavez-Alvarez*, the Third Circuit recognized that an argument could be made that aliens who are gaming the system, thereby resulting in a delay of their removal, may be denied a bond hearing. 783 F.3d at 476. The Third Circuit, however, required a showing that the alien acted in bad faith before a deciding whether to deny a bond hearing. Based on the current record, the Court cannot find that Petitioner acted in bad faith. Moreover, the *Chavez-Alvarez* court cautioned against a finding of bad faith merely because a petitioner faced a substantial legal burden. The Third Circuit expressly rejected an oversimplified analysis that merely looked to "counting wins and losses" in determining bad faith. *Id.*

hearing, governed by the procedures provided to aliens in discretionary detention under 8 U.S.C. § 1226(a). *See Diop*, 656 F.3d at 235 ("[s]hould the length of [the petitioner's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.")

An appropriate Order follows.

Date: November 14, 2016  
At Newark, New Jersey

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge